```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
TRUSTEES OF THE NEW YORK CITY                              :
DISTRICT COUNCIL OF CARPENTERS                             :
PENSION FUND, WELFARE FUND,                                :
ANNUITY FUND, AND                                          :   23-CV-11088 (VSB)
APPRENTICESHIP, JOURNEYMAN                                 :
RETRAINING, EDUCATIONAL AND                                :   OPINION & ORDER
INDUSTRY FUND, et al.,                                     :
                                                           :
                                    Petitioners,           :
                                                           :
            - against -                                    :
                                                           :
M & K CONSTRUCTION SERVICES                                :
CORP.,                                                     :
                                                           :
                                    Respondent.            :
                                                           :
-----------------------------------------------------------X
```

Appearances:

Maura S. Moosnick
Virginia & Ambinder LLP
New York, NY
*Counsel for Petitioner*

VERNON S. BRODERICK, United States District Judge:

  Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (the "ERISA Funds"), the Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund"), and the Carpenter Contractor Alliance of Metropolitan New York ("CCA Metro," and together with the ERISA Funds and Charity Fund, "Petitioners" or "the Funds") petition under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C § 185, for confirmation of an arbitration award (the "Award") granted by an independent

arbitrator (the "Arbitrator") against Respondent M&K Construction Services Corp. ("Respondent" or "M&K") pursuant to a collective-bargaining agreement ("CBA"). Because I find that there is no genuine issue as to any material fact and no indication in the record that any grounds for vacating or modifying the arbitration award exist, the petition is GRANTED, and the arbitration award is CONFIRMED. Petitioners' request for attorneys' fees is GRANTED as well.

I. **Background**[1]

The ERISA Funds are "employer and employee trustees" and "fiduciaries" within the meaning of Section 3(21) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(21), of "multiemployer labor-management trust funds organized and operated in accordance with ERISA." (Doc. 1 ("Pet'n") ¶ 4.) The Charity Fund are trustees "of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code." (*Id.* ¶ 5.) CCA Metro "is a New York not-for-profit corporation." (*Id.* ¶ 6.) Respondent M&K is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Section 501 of the LMRA, 29 U.S.C. § 142, and bound by the relevant CBA to make contributions to the Funds for certain work its employees performed. (*Id.* ¶¶ 7–10.) The CBA also required M&K to resolve any disputes regarding contributions to the Funds via "a panel of five arbitrators," which included Arbitrator Daniel Engelstein. (*Id.* ¶ 14; *see also* Docs. 1-3–1-6, Art. V § 2; Doc. 1-7 § VI(1)–(2).)

Respondent failed to cooperate with an audit authorized by the CBA. (*Id.* ¶ 20.) The Funds, pursuant to the CBA, performed an estimated audit of M&K, which revealed that M&K

---

[1] The following facts are drawn from the Petition to Confirm Arbitration Award, (Doc. 1 ("Pet'n")), and the supporting evidence submitted by Petitioner, including the October 17, 2023 award of Arbitrator Daniel Englestein, (Doc. 1-11 ("Award")).

"failed to remit contributions to the Funds" owed under the CBA "in the principal amount of $650,728.98." (*Id*. ¶ 22.) Despite being informed of the results of the estimated audit, M&K did not challenge the results. (*Id*.) The Funds then initiated arbitration before Arbitrator Daniel Engelstein, who mailed a Notice of Hearing to Respondent. (*Id*. ¶ 23.) On September 7, 2023, Arbitrator Engelstein held a hearing regarding the dispute, and on October 17, 2023, issued the Award. (*Id*. ¶¶ 25–26; *see also* Doc. 1-11.) The Award "ordered Respondent to pay the Funds the sum of $853,522.26, consisting of: (1) the estimated principal deficiency of $650,728.98; (2) interest of $70,147.48; (3) liquidated damages of $130,145.80; (4) attorneys' fees of $1,500; and (5) the arbitrator's fee of $1,000." (Pet'n ¶ 26.) "The Award further ordered: [(6)] compliance with the outstanding audit requests within thirty (30) days of the date of the Award; [(7)] interest to accrue at the annual rate of 10.25% retroactive to June 8, 2023 [the first-scheduled hearing date] through the present date; and [(8)] the Award to include the cost of the court filing fee, then in the amount of $402 and currently in the amount of $405, if the Funds seek judicial enforcement of the Award." (*Id*. ¶ 27.)

"On November 9, 2023, Respondent was served with a demand for payment of and compliance with the Award." (*Id*. ¶ 28.) Respondent has not, to date, complied with the Award. Thus, on December 21, 2023, Petitioners filed the instant petition, (Pet'n), along with a supporting memorandum of law, (Doc. 5 ("Mem.")). On January 22, 2024, following Respondents' failure to respond, I entered an order stating I would treat the Petition as unopposed. (Doc. 9.)

    **II.**    <u>**Legal Standards**</u>

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Loc. 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). A court's review of a final arbitration

award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

"Confirmation of a labor arbitration award under LMRA [section] 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 16-CV-6004, 2016 WL 7335672, at *2 (S.D.N.Y. Dec. 16, 2016). "Because the federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of arbitration awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Loc. 97, Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (internal quotation marks omitted and alterations adopted). Thus, "barring exceptional circumstances—such as fraud or an arbitration decision that violates public policy—a reviewing court must confirm an arbitration award so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. A to E Inc.*, No. 16-CV-4455, 2018 WL 1737133, at *4 (S.D.N.Y. Mar. 20, 2018) (internal quotation marks omitted).

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Instead, an unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *Id*. at 110. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "[T]he dispute about a material

4

fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id*. As with a motion for summary judgment, "[e]ven unopposed motions ... must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). In other words, "the showing required to avoid confirmation is very high." *D.H. Blair*, 462 F.3d at 110.

### III. Discussion

#### A. Arbitration Award

I have examined the record submitted by Petitioners, and I find that no genuine issues of material fact exist in this case. There is also no indication in the record that the Award was procured through fraud or dishonesty or that Arbitrator Englestein was acting in disregard of the CBA or outside the scope of his broad authority to resolve this dispute between the parties. Rather, the record amply demonstrates that the Arbitrator, authorized to act as such by the CBA, based the Award on undisputed evidence regarding Respondent's failures to cooperate with the audit of its unpaid contributions to the Fund and the results of the Funds' estimated audit. (*See* Docs. 1-8, 1-11.) The record also demonstrates that the amounts of the Award were based on the provisions of the CBA and related agreements. (*See* Docs. 1-3–1-7.)

The Award is therefore confirmed, and the request for post-judgment interest is granted. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pens. Fund v. Architectural Metal Concept LLC*, 636 F. Supp. 3d 459, 465 (S.D.N.Y. 2022); *N.Y.C. Dist. Council of Carpenters Pens. Fund v. Vista Eng'g Corp.*, 19-CV-5280, 2021 WL 4077943, at *3 (S.D.N.Y. Sept. 7, 2021)

(confirming arbitration award brought under LMRA section 301 where respondent did not oppose petition and record supported arbitrator's findings).

### B.     *Attorneys' Fees*

Petitioner also claim an entitlement to "all reasonable attorneys' fees and costs expended in this matter." (Pet'n ¶ 32.) Courts generally award "reasonable attorneys' fees and costs" in arbitration-confirmation actions such as this where the CBA and related agreements provide for fees and costs in actions to collect unpaid contributions and "'the party challenging the award has refused to abide by an arbitrator's decision without justification.'" *Architectural Metal*, 636 F. Supp. 3d at 466 (alteration adopted) (quoting *First Nat'l Supermarkets, Inc., v. Retail, Wholesale & Chain Store Food Emps. Union, Loc. 338*, 118 F.3d 892, 898 (2d Cir. 1997), and collecting cases).

Respondent refused to abide by the Arbitrator's decision despite being informed of that decision. (Pet'n ¶¶ 28–29.) Petitioners' counsel has submitted billing records documenting that attorneys Jayden Peters[2] and Maura Moosnick spent a total of 7.7 hours of work on this federal action; billed at an hourly rate of $310, the fee request comes out to $2,387, plus a request for costs of $555, which corresponds to "service fees." (Mem. 8; Doc. 1-13 (billing records)). Attorneys Peters and Moosnick are each 2021 graduates from their respective law schools; at the time of the filing of this action, each were associates at Petitioners' law firm. (Pet'n ¶¶ 35–36.) Courts have awarded Attorney Moosnick hourly rates of between $275 and $410. *E.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Floor Expo, Ltd.*, No. 24-CV-6867, 2025 WL 448646, at *5 (S.D.N.Y. Feb. 7, 2025) ($410 per hour for petition filed September 11, 2024); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Blackstar Mech. Grp. 740 Inc.*, No. 23-

---

[2] Attorney Peters has since left Petitioners' law firm. (*See* Doc. 12.)

CV-3163, 2024 WL 1988327, at *4 (S.D.N.Y. May 6, 2024) ($275 per hour for petition filed April 17, 2023). Based on Attorney Moosnick's tenure at the time this petition was filed, Attorney Peters' similar tenure and experience, and Counsel's billing records in this case, I approve Petitioners' request for $2,387 in attorneys' fees plus $555 in costs. *See, e.g.*, *Floor Expo*, 2025 WL 448646, at *5 (collecting cases).

### IV.     Conclusion

For the foregoing reasons, Petitioner's motion is GRANTED. The Clerk of Court is respectfully directed to enter judgment in favor of Petitioner and against Respondent as follows: (1) The October 17, 2023 Award is confirmed in all respects; (2) Respondent shall submit to an audit of its books and records for the period June 27, 2023 through the date judgment is entered; (3) Petitioners are awarded $853,522.26, plus interest at an annual rate of 10.25% from October 17, 2023 through the date judgment is entered; (4) Petitioners are awarded $555 in costs arising out of this proceeding; and (5) Petitioners are awarded $2,387 in attorneys' fees arising out of this proceeding. Post-judgment interest shall accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date judgment is entered until payment is made in full.

SO ORDERED.

Dated: May 27, 2025
      New York, New York

                                              Vernon S. Broderick
                                              United States District Judge